UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE G. ABRAHAM,

    Plaintiff,

v.

OAKWOOD HEALTHCARE, INC.
CASH BALANCE PLAN, Successor of
the OAKWOOD UNITED HOSPITALS,
INC. RETIREMENT PLAN FOR
SALARIED EMPLOYEES,

    Defendant.

Case No.

Hon.

| Joseph D. Engerer (P79839) | Carly O. Machasic (P75572) |
|---|---|
| HELMKAMP, ELLIS, ABRAHAM & ENGERER | CLARK HILL PLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 19500 Victor Parkway, Suite 150 | 151 S. Old Woodward, Suite 200 |
| Livonia, Michigan 48152-7010 | Birmingham, MI 48009 |
| (734) 591-3737 | (313) 965-8464 |
| joseph@milivonialawyer.com | cmachasic@clarkhill.com |

## NOTICE OF REMOVAL

Oakwood Healthcare Inc. Cash Balance Plan ("the Plan" or "Defendant"), through its attorneys, Clark Hill PLC, files this Notice of Removal, removing this action from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan. In support of its Notice of Removal, Defendant states as follows:

1.  On December 22, 2021, Plaintiff Katherine G. Abraham ("Plaintiff") commenced a civil action in the Circuit Court of Oakland County, Michigan ("the State Court") by filing her Complaint, which is the initial pleading that forms the basis of her claims in this lawsuit, alleging claims for breach of contract (Count I), fraud (Count II), conversion (Count III), denial of benefits under the federal Employee Retirement Income Security Act of 1974 ("ERISA") (Count IV), and detrimental reliance (Count V). *[Ex. 1]*.

2.  On December 23, 2021, Plaintiff sent a copy of the Summons and Complaint by certified mail to the Plan Administrator's registered agent, Jane Jordan. MCR 2.105 requires personal service – not service by mail – on a corporate defendant. As such, this did not constitute proper service and Defendant had no such knowledge of the lawsuit.

3.  On January 24, 2022, a default was improperly entered against Defendant. *[Ex. 2]*. Defendant learned of Plaintiff's Complaint on January 27, 2022 when an employee in its benefits department mistakenly opened the Notice of Default that was addressed to Ms. Jordan and then brought it to the attention of the Director of Retirement Services, who notified legal counsel.

4.  Plaintiff filed her Motion for Entry of Default Judgment on January 31, 2022 *[Ex. 3]* and Defendant filed its Motion to Set Aside Default and its Response to Plaintiff's Motion for Entry of Default Judgment on February 4, 2022. *[Exs. 4, 5]*.

2

Plaintiff filed her Response to Defendant's Emergency Motion to Set Aside Default and her Reply to Defendant's Response to Motion for Default Judgment on February 7, 2022. *[Exs. 6, 7]*.

5. On February 9, 2022, the State Court held a hearing on Defendant's Motion to Set Aside Default and Plaintiff's Motion for Default Judgment. Following oral argument, the State Court granted Defendant's Emergency Motion to Set Aside Default and denied Plaintiff's Motion for Default Judgment.

6. On February 14, 2022, the State Court entered an Order granting Defendant's Motion to Set Aside Default, setting aside the Default entered against Defendant on January 24, 2022, denying Plaintiff's Motion for Default Judgment, and deeming Defendant served with the Summons and Complaint on February 9, 2022. *[Ex. 8]*.

7. The Summons, Complaint, Notice of Default, Plaintiff's Motion for Default Judgment, Plaintiff's Response to Defendant's Emergency Motion to Set Aside Default, Plaintiff's Reply to Defendant's Response to Motion for Default Judgment, the State Court's February 14, 2022 Order, Plaintiff's Initial Disclosures and Plaintiff's Requests for Admission, constitute all process, pleadings and orders served on Defendant and are attached hereto as Exhibits 1-10.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of the Summons and Complaint on Defendant.

9. This civil action is removable under 28 U.S.C. § 1441(a), because it is one over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff's Complaint purports to assert a federal cause or causes of action against a retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and thus the action arises under the laws of the United States. *See* Complaint, Exhibit 1, ¶ 36 ("As a defined benefit plan, the Plan is subject to certain requirements under ERISA and the Internal Revenue Code."); ¶ 39 (seeking payment of "vested benefits mandated by ERISA"). *See e.g. Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) (finding removal proper under ERISA based on federal question subject matter jurisdiction, under doctrine of complete preemption, despite plaintiff alleging state law claims, where case was filed in state court against administrator of employer plan for medical benefits, a health insurance plan, to recover benefits from plan for health care services rendered to employee).

10. This Court has supplemental jurisdiction over any remaining claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claim(s) set forth in the Complaint that they form part of the same case or controversy. These remaining state law claims are preempted by ERISA and will be subject to dismissal. *See* ERISA § 502(a); *Ingersol-Rand v. McClendon*, 498 US 133, 144 (1990).

11. Pursuant to Rule 83.10 of the Local Civil Rules of the United States District Court for the Eastern District of Michigan, this Court is the district court for the district embracing the County of Oakland, in which the state court action was filed and was pending. *See* 28 U.S.C. § 1441(a).

12. Promptly after this Notice is filed with this Court, Defendant will file this Notice of Removal with the Oakland County Circuit Court and give written notice to Plaintiff, as required by 28 U.S.C. § 1446(d).

13. The removal of this action to the United States District Court for the Eastern District of Michigan does not waive Defendant's ability to assert any defenses, whether jurisdictional, venue related, or otherwise, in this action.

WHEREFORE, Defendant has properly removed this action to the United States District Court for the Eastern District of Michigan in accordance with the applicable statutes and legal requirements.

>Respectfully submitted,
>
>Clark Hill PLC
>
>*/s/ Carly O. Machasic*
>Carly O. Machasic (P75572)
>Attorneys for Defendant
>151 S. Old Woodward Ave., Suite 200
>Birmingham, Michigan 48009
>cmachasic@clarkhill.com
>313-965-8464

Date:  February 15, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on **February 15, 2022**, via:

      X   U.S. Mail             _____ Facsimile

      X   E- Filing             _____ Hand Delivery

      X   E-Mail               _____ Federal Express

                                       /s/ Shannon K. Breznai