# EXHIBIT 1

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

KATHERINE G. ABRAHAM,

    Plaintiff,

-vs-

OAKWOOD HEALTHCARE, INC. CASH BALANCE PLAN, Successor of the OAKWOOD UNITED HOSPITALS, INC. RETIREMENT PLAN FOR SALARIED EMPLOYEES,

    Defendant.
_____/

2021-191745-NZ

JUDGE SHALINA KUMAR

Case No. 2021    NZ

HON.

There is no other civil action arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action been previously filed and dismissed after having been assigned to a Judge.

/s/ Joseph D. Engerer
HELMKAMP, ELLIS, ABRAHAM & ENGERER
JOSEPH D. ENGERER P-79839
19500 Victor Parkway, Suite 150
Livonia, Michigan 48152
P: (734) 591-3737
F: (734) 591-6275
E: joseph@milivonialawyer.com
E: Assistant: headesq@aol.com
_____/

## COMPLAINT

NOW COMES Plaintiff KATHERINE G. ABRAHAM, by and through her attorney, JOSEPH D. ENGERER, and for her Complaint against Defendant states:

1. Plaintiff KATHERINE G. ABRAHAM is an individual residing in the City of Northville, Oakland County, Michigan.

2. Defendant OAKLAND HEALTHCARE, INC. is a domestic non-profit corporation headquartered in the City of Southfield, Oakland County, Michigan.

3. The actions which serve as the basis of this Complaint occurred in Oakland County, Michigan.

4. The amount in controversy exceeds Twenty-Five Thousand $25,000.00 Dollars.

5. Plaintiff seeks declaratory judgment and equitable relief, and jurisdiction is otherwise proper.

### GENERAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1 through 5 as though fully restated herein.

7. Plaintiff KAHTERINE G. ABRAHAM was formerly a salaried employee of Defendant through November 30, 1989 and contributed to the employer's retirement plan for 8.6667 years.

8. Defendant confirmed in writing that Plaintiff was 100% vested, entitling Plaintiff to a monthly retirement benefit of $261.01, beginning at her normal retirement age **(EXHIBIT 1)**.

9. The Social Security Administration advised Plaintiff that Defendant reported retirement benefits of $261 per month.

10. On June 3, 2021, Plaintiff applied for her deferred vested retirement monthly benefits.

11. Plaintiff turned 65 on July 4, 2021.

12. Defendant refuses to pay vested benefits claiming that a "mandatory payout" of $1,884.91 was made.

HELMKAMP, ELLIS,
ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

13. Plaintiff never agreed to compromise her lifetime benefit.

14. Plaintiff never signed any document.

15. Plaintiff never received any payment.

16. Plaintiff's bank does not have any record of the payment.

17. Defendant is unable to produce anything signed by Plaintiff, no cancelled check or proof of payment.

18. Defendant is not authorized to unilaterally force mandatory payouts on retirees in general, and Plaintiff in particular.

**WHEREFORE**, Plaintiff KATHERINE G. ABRAHAM prays that Defendant OAKWOOD HEALTHCARE, INC. CASH BALANCE PLAN be ordered to pay her $261.01 per month, beginning July, 2021 and continuing for the rest of her lifetime, plus interest, costs and attorney fees so wrongfully incurred.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff incorporates paragraphs 1 through 18 as though fully restated herein.

20. Defendant contracted with Plaintiff to pay her $261.01 per month in vested retirement benefits beginning at age 65.

21. Plaintiff turned 65 on July 4, 2021.

22. Defendant breached its contractual obligation be refusing to pay Plaintiff her vested retirement benefits.

**WHEREFORE**, Plaintiff KATHERINE G. ABRAHAM prays that the court grant the following relief:

    A) Declare that Defendant violated the terms of the Plan;

HELMKAMP, ELLIS, ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

B) Order Defendant to pay Plaintiff vested retirement benefits beginning July, 2021;

C) Declare that Plaintiff has a right to receive monthly retirement benefits;

D) Tax costs;

E) Award Plaintiff reasonable attorney fees; and,

F) Provide other equitable relief that the court deems appropriate.

## COUNT II - FRAUD

23. Plaintiff incorporates paragraphs 1 through 22 as though fully restated herein.

24. Defendant's actions of denying accrued, vested benefits are fraudulent.

25. Defendant fraudulently claims it tendered a mandatory payout.

26. There is no mandatory payout requirement in the Plan.

27. Defendant fraudulently attempts to deny vested retirement benefits.

28. Defendant does not have any signed agreement by Plaintiff accepting, agreeing or acknowledging payment receipt.

**WHEREFORE,** Plaintiff KATHERINE G. ABRAHAM prays that the court grant the following relief:

A) Declare that Defendant violated the terms of the Plan;

B) Order Defendant to pay her vested retirement benefits beginning July, 2021;

HELMKAMP, ELLIS, ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

4

C) Declare that Plaintiff has a right to receive monthly retirement benefits;

D) Tax costs;

E) Award Plaintiff reasonable attorney fees; and,

F) Provide other equitable relief that the court deems appropriate.

## COUNT III – CONVERSION

29. Plaintiff incorporates paragraphs 1 through 28 as though fully restated herein.

30. Defendant acted to steal, embezzle, and convert Plaintiff's property to its own use.

31. Plaintiff is entitled to treble damages pursuant to MCL 600.2919(a).

**WHEREFORE**, Plaintiff KATHERINE G. ABRAHAM prays the Court award her actual damages against Defendant in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, and in whatever amount she is deemed entitled trebled, pursuant to MCL 600.2919(a), plus interest, costs and attorney fees so wrongfully incurred.

## COUNT IV – ERISA

32. Plaintiff incorporates paragraphs 1 through 31 as though fully restated herein.

33. Plaintiff has exhausted her administrative remedies.

34. The Plan is required by the Employee Retirement Income Security Act of 1974 ("ERISA") to provide retirement benefits to salaried employees like Plaintiff.

HELMKAMP, ELLIS,
ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

35. The Plan is a "defined benefit plan" established and qualified under Section 401 of the Internal Revenue Code, 26 U.S.C. § 401.

36. As a defined benefit plan, the Plan is subject to certain requirements under ERISA and the Internal Revenue Code.

37. By letter dated June 3, 2021, Plaintiff submitted a claim for vested monthly retirement benefits of $261.01 beginning July 4, 2021.

38. ERISA § 404(a) 29 U.S.C. § 1004(a) requires that a fiduciary discharge its duties with respect to a plan solely in the interests of the participants and beneficiaries for the exclusive purpose of providing benefits.

39. By falsely claiming a "mandatory payout", without authorization, agreement or actual payment and refusing to provide vested benefits mandated by ERISA, Defendant has breached its fiduciary duty to Plaintiff and violated Title I of ERISA.

40. As a result of Defendant's breaches of fiduciary duty and violations of Title I of ERISA, Plaintiff has been harmed.

**WHEREFORE**, Plaintiff KATHERINE G. ABRAHAM prays that the court grant the following relief:

A) Declare that Defendant violated the terms of the Plan;

B) Order Defendant to pay Plaintiff vested retirement benefits beginning July, 2021;

C) Declare that Plaintiff has a right to receive monthly retirement benefits;

HELMKAMP, ELLIS, ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

6

        D)    Tax costs;

        E)    Award Plaintiff reasonable attorney fees; and,

        F)    Provide other equitable relief that the court deems appropriate.

### COUNT V – DETRIMENTAL RELIANCE

41. Plaintiff incorporates paragraphs 1 through 40 as though fully restated herein.

42. Defendant's representations regarding Plaintiff's retirement benefits were false when made.

43. At the time of making the representations, Defendant knew that the representations were false, and that it had no plans of fulfilling its obligation.

44. Defendant was under a duty to disclose its inability to perform the agreement and not falsely claiming a mandatory payout.

45. Plaintiff relied on representations of Defendant and counted on receiving defined benefits to supplement her retirement.

46. The representations of Defendant were made with the intent and purpose of inducing Plaintiff to "accept" the representation that it made a "mandatory payout" and not pursue her due monthly retirement benefit.

47. Plaintiff acted in reliance upon said representations of Defendant to her detriment.

48. As a direct and proximate result of the fraudulent statements, misrepresentations and omissions made by Defendant, Plaintiff has incurred losses in the amount of $261.01 per month

HELMKAMP, ELLIS, ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152
(734) 591-3737

beginning July, 2021 and continuing, plus interest, costs and attorney fees.

**WHEREFORE**, Plaintiff KATHERINE G. ABRAHAM prays that the court grant the following relief:

A) Declare that Defendant violated the terms of the Plan;

B) Order Defendant to pay Plaintiff vested retirement benefits beginning July, 2021;

C) Declare that Plaintiff has a right to receive monthly retirement benefits;

D) Tax costs;

E) Award Plaintiff reasonable attorney fees; and,

F) Provide other equitable relief that the court deems appropriate.

HELMKAMP, ELLIS, ABRAHAM & ENGERER

*/s/ Joseph D. Engerer*
JOSEPH D. ENGERER P-79839
19500 Victor Parkway, Suite 150
Livonia, Michigan  48152
P: (734) 591-3737
F: (734) 591-6275
E: joseph@milivonialawyer.com
E: Staff: headesq@aol.com

DATED: December 22, 2021

HELMKAMP, ELLIS,
ABRAHAM & ENGERER
AN ASSOCIATION OF ATTORNEYS
AND COUNSELORS AT LAW
NOT A PARTNERSHIP
19500 VICTOR PARKWAY
SUITE 150
LIVONIA, MICHIGAN 48152

(734) 591-3737

# EXHIBIT 1



## OAKWOOD UNITED HOSPITALS, INC. SALARIED RETIREMENT PLANS
## TERMINATED EMPLOYEE BENEFIT STATEMENT

| | |
|---|---|
| PARTICIPANT NAME: | KATHERINE ABRAHAM |
| SOCIAL SECURITY NUMBER: | |
| DATE OF BIRTH: | 7-4-56 |
| DATE OF TERMINATION: | 11-30-89 |
| CREDITED SERVICE: | |
|     FULL TIME SALARIED: | 8.6667 |
|     PART TIME SALARIED: | 0.0000 |
|     FULL TIME HOURLY: | 0.0000 |
|     PART TIME HOURLY: | 0.0000 |
| AVERAGE COMPENSATION: | $35,041.76 |
| MONTHLY ACCRUED BENEFIT: | |
|     FULL TIME SALARIED: | $261.01 |
|     PART TIME SALARIED: | $0.00 |
|     FULL TIME HOURLY: | $0.00 |
|     PART TIME HOURLY: | <u>$0.00</u> |
|     TOTAL ACCRUED BENEFIT: | $261.01 |
| VESTING SERVICE: | 8.6667 |
| VESTING PERCENTAGE: | 100% |
| MONTHLY VESTED ACCRUED BENEFIT | |
|     PAYABLE AT NORMAL RETIREMENT AGE: | $261.01 |

YOUR MONTHLY VESTED ACCRUED BENEFIT WAS CALCULATED BASED ON THE INFORMATION PROVIDED ABOVE AND IS SUBJECT TO CORRECTION FOR ERRORS AND OMISSIONS.  IF YOU BELIEVE THIS INFORMATION IS INCORRECT OR INCOMPLETE, PLEASE CONTACT THE HUMAN RESOURCES COORDINATOR IN WRITING AT OAKWOOD UNITED SUPPORT SERVICES, 33000 ANNAPOLIS AVENUE, WAYNE, MICHIGAN 48184.